1   STEPHANIE S. CHRISTENSEN
    Acting United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    HAOXIAOHAN CAI (Cal. Bar No. 331131)
4   Assistant United States Attorney
    General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-0762
7        Facsimile: (213) 894-0141
         Email:    Haoxiaohan.Cai@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,        No. CR 22-00232-MWF-1

13             Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                      CALVIN SIMS
14             v.

15   CALVIN SIMS,

16             Defendant.

17

18        1.   This constitutes the plea agreement between Calvin Sims

19   ("defendant") and the United States Attorney's Office for the Central

20   District of California (the "USAO") in the above-captioned case.

21   This agreement is limited to the USAO and cannot bind any other

22   federal, state, local, or foreign prosecuting, enforcement,

23   administrative, or regulatory authorities.

24                    DEFENDANT'S OBLIGATIONS

25        2.   Defendant agrees to:

26        a.   At the earliest opportunity requested by the USAO and

27   provided by the Court, appear and plead guilty to the single-count

28   indictment in <u>United States v. Calvin Sims, et al.</u>, CR No. 22-00232-

8/25/22

1  MWF, which charges defendant with possession with intent to
2  distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),
3  (b)(1)(A)(viii).

4       b.  Not contest facts agreed to in this agreement.

5       c.  Abide by all agreements regarding sentencing contained
6  in this agreement.

7       d.  Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.

10       e.  Not commit any crime; however, offenses that would be
11  excluded for sentencing purposes under United States Sentencing
12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13  within the scope of this agreement.

14       f.  Be truthful at all times with the United States
15  Probation and Pretrial Services Office and the Court.

16       g.  Pay the applicable special assessment at or before the
17  time of sentencing unless defendant has demonstrated a lack of
18  ability to pay such assessments.

19       THE USAO'S OBLIGATIONS

20     3.  The USAO agrees to:

21       a.  Not contest facts agreed to in this agreement.

22       b.  Abide by all agreements regarding sentencing contained
23  in this agreement.

24       c.  At the time of sentencing, provided that defendant
25  demonstrates an acceptance of responsibility for the offense up to
26  and including the time of sentencing, recommend a two-level reduction
27  in the applicable Sentencing Guidelines offense level, pursuant to

28

1    15.   Defendant and the USAO agree that:

2         a.    Defendant did not use violence or credible threats of

3    violence or possess a firearm or other dangerous weapon (or induce

4    another participant to do so) in connection with the offense charged

5    in the indictment;

6         b.    The offense charged in the indictment did not result

7    in death or serious bodily injury to any person; and

8         c.    Defendant was not an organizer, leader, manager, or

9    supervisor of others in the offense charged in the indictment and was

10   not engaged in a continuing criminal enterprise.

11   16.   Because the safety valve criteria in U.S.S.G. § 5C1.2(a)(1)

12   has not been updated to match the language of 18 U.S.C. § 3553(f)(1),

13   if the Court determines that defendant's case satisfies the criteria

14   in 18 U.S.C. § 3553(f), but does not satisfy the criteria for a two-

15   level reduction under U.S.S.G. § 2D1.1(b)(18) (referencing the

16   criteria set forth in U.S.S.G. § 5C1.2(a)(1)), the government will

17   recommend a two-level downward variance to defendant's Sentencing

18   Guidelines range based on the factors set forth in 18 U.S.C.

19   § 3553(a). By making any such recommendation, the government does not

20   waive any objection to the Court's determination that the criteria in

21   18 U.S.C. § 3553(f) have been satisfied.  If the government makes a

22   two-level variance recommendation as described herein, defendant

23   agrees not to seek a further reduced sentence pursuant to 18 U.S.C.

24   § 3582(c)(2) in the event the United States Sentencing Commission

25   amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C.

26   § 3553(f)(1).

27   17.   Defendant understands that there is no agreement as to

28   defendant's criminal history or criminal history category.

8

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

5.  Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant possessed and intended to distribute at least 50 grams of actual methamphetamine, as alleged in the count in the indictment. Defendant admits that defendant, in fact, possessed at least 50 grams of actual methamphetamine, as alleged in the indictment.

### PENALTIES

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: 10 years' imprisonment; five years of supervised

1   release; and a mandatory special assessment of $100.

2        8.   Defendant understands that supervised release is a period
3   of time following imprisonment during which defendant will be subject
4   to various restrictions and requirements.  Defendant understands that
5   if defendant violates one or more of the conditions of any supervised
6   release imposed, defendant may be returned to prison for all or part
7   of the term of supervised release authorized by statute for the
8   offense that resulted in the term of supervised release.

9        9.   Defendant understands that under 21 U.S.C. § 862a,
10  defendant will not be eligible for assistance under state programs
11  funded under the Social Security Act or Federal Food Stamp Act or for
12  federal food stamp program benefits, and that any such benefits or
13  assistance received by defendant's family members will be reduced to
14  reflect defendant's ineligibility.

15       10.  Defendant understands that, by pleading guilty, defendant
16  may be giving up valuable government benefits and valuable civic
17  rights, such as the right to vote, the right to possess a firearm,
18  the right to hold office, and the right to serve on a jury.
19  Defendant understands that he is pleading guilty to a felony and that
20  it is a federal crime for a convicted felon to possess a firearm or
21  ammunition.  Defendant understands that the conviction in this case
22  may also subject defendant to various other collateral consequences,
23  including but not limited to revocation of probation, parole, or
24  supervised release in another case and suspension or revocation of a
25  professional license.  Defendant understands that unanticipated
26  collateral consequences will not serve as grounds to withdraw
27  defendant's guilty plea.

28

1    11.  Defendant and his counsel have discussed the fact that, and
2  defendant understands that, if defendant is not a United States
3  citizen, the conviction in this case makes it practically inevitable
4  and a virtual certainty that defendant will be removed or deported
5  from the United States.  Defendant may also be denied United States
6  citizenship and admission to the United States in the future.
7  Defendant understands that while there may be arguments that
8  defendant can raise in immigration proceedings to avoid or delay
9  removal, removal is presumptively mandatory and a virtual certainty
10 in this case.  Defendant further understands that removal and
11 immigration consequences are the subject of a separate proceeding and
12 that no one, including his attorney or the Court, can predict to an
13 absolute certainty the effect of his conviction on his immigration
14 status.  Defendant nevertheless affirms that he wants to plead guilty
15 regardless of any immigration consequences that his plea may entail,
16 even if the consequence is automatic removal from the United States.

17                          FACTUAL BASIS

18    12.  Defendant admits that defendant is, in fact, guilty of the
19 offense to which defendant is agreeing to plead guilty.  Defendant
20 and the USAO agree to the statement of facts provided below and agree
21 that this statement of facts is sufficient to support a plea of
22 guilty to the charge described in this agreement and to establish the
23 Sentencing Guidelines factors set forth in paragraph 14 below but is
24 not meant to be a complete recitation of all facts relevant to the
25 underlying criminal conduct or all facts known to either party that
26 relate to that conduct.

27    On or about April 21, 2021, in Los Angeles County, within the
28 Central District of California, defendant knowingly possessed

                              5

1  approximately 3,867 grams of actual methamphetamine with the intent
2  to distribute it to another person.  At the time of his possession,
3  defendant knew both that the substance was methamphetamine and that
4  it was a federally controlled substance.

5      Specifically, on or before April 21, 2021, defendant obtained
6  two packages of methamphetamine to ship across state lines to a
7  recipient in Ohio.  Defendant and the co-defendant named in the
8  indictment ("co-defendant") obtained packaging supplies, and then
9  packaged the methamphetamine for shipment by placing tape on
10  bubblewrap containing the methamphetamine and placing the
11  methamphetamine inside of two USPS boxes.

12      That same day, co-defendant took the two USPS boxes containing
13  the methamphetamine to the Post Office in San Pedro for shipment.
14  Defendant provided his co-defendant both with the Ohio destination
15  address, as well as with money to pay for the cost of shipping, but
16  did not accompany her into the Post Office.  Thereafter, co-defendant
17  provided defendant with USPS tracking information for both boxes,
18  which defendant used to monitor the progress of the methamphetamine.

19      Defendant grew concerned that the packages were not moving
20  according to the USPS tracking information.  Co-defendant therefore
21  returned to the USPS Post Office in San Pedro on April 22, 2021, and
22  asked to intercept the packages; however, the packages were not
23  ultimately returned to defendant or co-defendant or shipped to Ohio,
24  because they had been identified and seized by USPS personnel as
25  possibly containing drugs.

26      A subsequent lab report confirmed that one of the boxes
27  contained approximately 1,748 grams of actual methamphetamine and the
28  other box contained approximately 2,119.1 grams of actual

1 methamphetamine, for a total of at least approximately 3,867 grams of
2 actual methamphetamine that defendant knowingly and intentionally
3 distributed.

SENTENCING FACTORS

5    13.   Defendant understands that in determining defendant's
6 sentence the Court is required to calculate the applicable Sentencing
7 Guidelines range and to consider that range, possible departures
8 under the Sentencing Guidelines, and the other sentencing factors set
9 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
10 Sentencing Guidelines are advisory only, that defendant cannot have
11 any expectation of receiving a sentence within the calculated
12 Sentencing Guidelines range, and that after considering the
13 Sentencing Guidelines and the other § 3553(a) factors, the Court will
14 be free to exercise its discretion to impose any sentence it finds
15 appropriate between the mandatory minimum and up to the maximum set
16 by statute for the crime of conviction.

17    14.   Defendant and the USAO agree to the following applicable
18 Sentencing Guidelines factors:

19    Base Offense Level (at least      36      U.S.S.G. § 2D1.1(a)(5),
      1.5KG but less than 4.5 KG                          (c)(2)
20    of actual methamphetamine):

22 Defendant and the USAO reserve the right to argue that additional
23 specific offense characteristics, adjustments, and departures under
24 the Sentencing Guidelines are appropriate.  Defendant understands
25 that defendant's offense level could be increased if defendant is a
26 career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
27 offense level is so altered, defendant and the USAO will not be bound
28 by the agreement to Sentencing Guideline factors set forth above.

7

1    18.   Defendant and the USAO reserve the right to argue for a
2  sentence outside the sentencing range established by the Sentencing
3  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
4  (a)(2), (a)(3), (a)(6), and (a)(7).

5                    WAIVER OF CONSTITUTIONAL RIGHTS

6    19.   Defendant understands that by pleading guilty, defendant
7  gives up the following rights:

8         a.   The right to persist in a plea of not guilty.

9         b.   The right to a speedy and public trial by jury.

10        c.   The right to be represented by counsel -- and if
11 necessary have the Court appoint counsel -- at trial.  Defendant
12 understands, however, that, defendant retains the right to be
13 represented by counsel -- and if necessary have the Court appoint
14 counsel -- at every other stage of the proceeding.

15        d.   The right to be presumed innocent and to have the
16 burden of proof placed on the government to prove defendant guilty
17 beyond a reasonable doubt.

18        e.   The right to confront and cross-examine witnesses
19 against defendant.

20        f.   The right to testify and to present evidence in
21 opposition to the charges, including the right to compel the
22 attendance of witnesses to testify.

23        g.   The right not to be compelled to testify, and, if
24 defendant chose not to testify or present evidence, to have that
25 choice not be used against defendant.

26        h.   Any and all rights to pursue any affirmative defenses,
27 Fourth Amendment or Fifth Amendment claims, and other pretrial
28 motions that have been filed or could be filed.

                                 9

1    WAIVER OF APPEAL OF CONVICTION

2    20.  Defendant understands that, with the exception of an appeal
3    based on a claim that defendant's guilty plea was involuntary, by
4    pleading guilty defendant is waiving and giving up any right to
5    appeal defendant's conviction on the offense to which defendant is
6    pleading guilty.  Defendant understands that this waiver includes,
7    but is not limited to, arguments that the statute to which defendant
8    is pleading guilty is unconstitutional, and any and all claims that
9    the statement of facts provided herein is insufficient to support
10   defendant's plea of guilty.

11   LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

12   21.  Defendant agrees that, provided the Court imposes a total
13   term of imprisonment within or below the range corresponding to an
14   offense level of 33 and the criminal history category calculated by
15   the Court, subject to any applicable mandatory minimum sentence,
16   defendant gives up the right to appeal all of the following: (a) the
17   procedures and calculations used to determine and impose any portion
18   of the sentence; (b) the term of imprisonment imposed by the Court;
19   (c) the fine imposed by the Court, provided it is within the
20   statutory maximum; (d) to the extent permitted by law, the
21   constitutionality or legality of defendant's sentence, provided it is
22   within the statutory maximum; (e) the term of probation or supervised
23   release imposed by the Court, provided it is within the statutory
24   maximum; and (f) any of the following conditions of probation or
25   supervised release imposed by the Court: the conditions set forth in
26   Second Amended General Order 20-04 of this Court; the drug testing
27   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
28   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

10

22.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

23.    The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 33 and the criminal history calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

24.    Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

25.    This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1    BREACH OF AGREEMENT

2    26.  Defendant agrees that if defendant, at any time after the

3    signature of this agreement and execution of all required

4    certifications by defendant, defendant's counsel, and an Assistant

5    United States Attorney, knowingly violates or fails to perform any of

6    defendant's obligations under this agreement ("a breach"), the USAO

7    may declare this agreement breached.  All of defendant's obligations

8    are material, a single breach of this agreement is sufficient for the

9    USAO to declare a breach, and defendant shall not be deemed to have

10   cured a breach without the express agreement of the USAO in writing.

11   If the USAO declares this agreement breached, and the Court finds

12   such a breach to have occurred, then: (a) if defendant has previously

13   entered a guilty plea pursuant to this agreement, defendant will not

14   be able to withdraw the guilty pleas, and (b) the USAO will be

15   relieved of all its obligations under this agreement.

16   COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

17   OFFICE NOT PARTIES

18   27.  Defendant understands that the Court and the United States

19   Probation and Pretrial Services Office are not parties to this

20   agreement and need not accept any of the USAO's sentencing

21   recommendations or the parties' agreements to facts or sentencing

22   factors.

23   28.  Defendant understands that both defendant and the USAO are

24   free to: (a) supplement the facts by supplying relevant information

25   to the United States Probation and Pretrial Services Office and the

26   Court, (b) correct any and all factual misstatements relating to the

27   Court's Sentencing Guidelines calculations and determination of

28   sentence, and (c) argue on appeal and collateral review that the

12

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

13

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney


HAOXIAOHAN CAI                         9/13/2022
Assistant United States Attorney       Date


CALVIN SIMS                            9-9-2022
Defendant                              Date


KIRT HOPSON                            9/9/2022
Attorney for Defendant CALVIN SIMS     Date

14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

CALVIN SIMS
Defendant

Date 9-7-2022

15

1    CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am CALVIN SIMS's attorney.  I have carefully and thoroughly

3    discussed every part of this agreement with my client.  Further, I

4    have fully advised my client of his rights, of possible pretrial

5    motions that might be filed, of possible defenses that might be

6    asserted either prior to or at trial, of the sentencing factors set

7    forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   _____        9-9-2022
     KIRT HOPSON                            _____
18   Attorney for Defendant CALVIN SIMS     Date

19

20

21

22

23

24

25

26

27

28

                                16